Jim HENERY, d/b/a Jim Henery Body Shop, Relator,

v.

The Honorable Philip A. SCHRAUB et al., Respondents.

No. 14185.

Court of Civil Appeals of Texas.

San Antonio.

July 10, 1963.

Rehearing Denied July 31, 1963.

Don L. Baker, Austin, for relator.

James C. Martin, Walter Groce, Corpus Christi, for respondents.

MURRAY, Chief Justice.

This is an original mandamus proceeding. Relator, Jim Henery, d/b/a Jim Henery Body Shop, was heretofore given leave to file petition for writ of mandamus against the Honorable Philip A. Schraub, Judge of the County Court at Law No. 2, in Nueces County, ordering and commanding him to reinstate Relator's judgment dated May 18, 1962, against Respondent James C. Martin, rendered in that court in Cause Number 8896, styled Jim Henery, d/b/a Jim Henery Body Shop v. James C. Martin.

Cause No. 8896 went to trial, before a jury, on March 26, 1962. On March 28th the jury returned a verdict composed of the jury's answers to the seven special issues submitted. Thereafter Relator submitted a proposed form of judgment to Judge Schraub by mail. After Judge Schraub received the proposed judgment, Respondent James C. Martin and Walter Groce, attorneys for Respondents, advised Judge Schraub that they desired to contest the entry of such judgment, and requested that they be notified of the time for the submission of such proposed order, in accordance with the provisions of the local court rules. Judge Schraub states in his affidavit, attached to Respondents' answer to the petition for writ of mandamus, as follows:

" * * * That due to the press of business and the large number of orders submitted to this Court, I inadvertently signed and ordered entered the judgment proposed by the attorney for the Plaintiff in the suit pending in my Court without notifying either the attorney of record or the parties thereof. That a motion for new trial was filed and an amended motion for new trial was likewise filed in said cause and that a hearing thereon was set for June 15, 1962, at 2 o'clock p. m. and the attorney for the Relator as Plaintiff in said suit was notified immediately by mail of the date of such hearing and that on the 13th day of June, 1962, a letter was written by the attorney for Plaintiff and received by me on the 14th day of June, 1962, that he would not be present at such hearing and submitted therewith a Memorandum Brief of the authorities he was relying upon. Such motion was actually heard at that time and was set for hearing, to-wit: on June 15, 1962, at 2 o'clock p. m., and on said date I announced from the Bench in Open Court that the Judgment of May 18, 1962, was set aside and entered a notation to that effect on the docket sheet, signed the same, and ordered it entered in the minutes. I later, on June 28th, made a further notation on the docket to the effect that such judgment was set aside and at the same time signed a formal order in more detail than the docket

order that I signed on June 15, 1962, and ordered the same entered in the minutes, which order had been dictated by me to my official court reporter on the 15th day of June, 1962, but was not written up until the 28th day of June, 1962.

"Since the entry of the above orders, I received a motion from the attorney for the Relator requesting that I vacate the above orders and that I reinstate the judgment that I had previously set aside, but no request has been made for a setting of such motion for hearing."

It is the above judgment rendered on May 18, 1962, that Relator seeks by this proceeding to have reinstated. We have no jurisdiction or authority to order Judge Schraub to reinstate this judgment, under the showing here made. The original motion for new trial was not filed within the ten-day period required by Rule 329b, Subd. 1, Texas Rules of Civil Procedure. The effect of a motion not filed within the ten-day period is set out in Rule 329b, Subd. 5, which reads as follows:

"* * * The failure of a party to file a motion for new trial within the ten (10) day period prescribed in subdivision (1) of this rule shall not deprive the court of jurisdiction to set aside a judgment rendered by it, provided such action be taken within thirty (30) days after the judgment is rendered. The filing of a motion for new trial after ten (10) days have expired and before thirty (30) days have expired since the rendition of the judgment shall not operate to extend the court's jurisdiction over the judgment for a period of more than thirty days from the date of the rendition of judgment."

It is quite clear that the judgment rendered May 18, 1962, was effectively set aside on June 15, 1962, within the thirty-day period. Accordingly, the petition for a writ of mandamus is overruled.